IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DUSTIN COLBY MILSTID, | CV-21-0081-BU-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| MARK JOHNSON, JAMIE TREGARD, and BUTTE SILVER BOW COUNTY DETENTION CENTER, | |
| Defendants. | |

Plaintiff Dustin Colby Milstid, a state pretrial detainee proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Doc. 1), and a proposed Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983. The Court will grant the motion to proceed in forma pauperis. However, Milstid fails to state a plausible claim for relief. The Court cannot see that any amendment would correct the insufficiencies of the Complaint and therefore recommends dismissal.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Milstid's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1.) The Court will grant the request to proceed in forma pauperis but since Milstid is a prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will waive the initial partial filing fee required under 28

U.S.C. § 1915(b)(1) because Milstid submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Milstid may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2). Milstid must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.*

By separate order, the Court will direct the facility where Milstid is currently incarcerated to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## II.  SCREENING STANDARD

Milstid is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A

complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

3

probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## IV.  SCREENING ANALYSIS

Milstid alleges four claims that he contends arise from the Prison Rape Elimination Act, 34 U.S.C. § 30301 et seq. ("PREA"). His first claim alleges that Defendant Jamie Tregard, a female correctional officer, ordered another inmate to drop his pants in front of other inmates. (Doc. 2 at 5.) Milstid characterizes this as

4

"a Prison Rape Elimination Act." *Id*.

Claim Two asserts that Milstid grieved this event and requested a PREA investigation, and the response was that it was not a violation. *Id*.

Claim Three is that on August 27, 2021, Milstid followed "procedures" in order to find out why there is no proper PREA procedure within the facility. When his request for information was not answered, he filed a grievance which has not yet been answered. (Doc. 2 at 6.)

Milstid's final claim is generally related to the grievance policies at BSBDC. *Id*. He alleges that Defendant Mark Johnson refuses to answer grievances, allows his employees to answer grievances about their own behavior, and sweeps violations under the rug. *Id*. Milstid contends there are no proper grievance processes at BSBDC, and no methods to file PREA complaints.

**A. PREA**

42 U.S.C. § 1983 provides a mechanism for a person to vindicate the violation of federal constitutional or statutory rights committed by persons acting under color of state law. An element of a § 1983 claim, then, must be the existence of a valid right to be enforced. A terminal flaw in Milstid's Complaint is his failure to identify a federal right that has been violated as to him.

Congress enacted PREA to address the problem of rape in prison by (1) creating a commission to study the issue and recommend national standards to

prevent, detect, and respond to prison rape; (2) applying national standards to state and federal agencies and departments that maintain prisons or detention facilities; and (3) conditioning eligibility for federal grant money on compliance with these standards. 42 U.S.C. §§ 15602, 15605. PREA did not create a private right of action for its enforcement. Nothing in PREA's language, structure, or legislative history suggest that Congress intended to create a private remedy for noncompliance with the PREA. *See* 42 U.S.C. § 15607(e) (explicitly directing the Attorney General to enforce compliance with the PREA); *see also Sandoval,* 532 U.S. at 286 (explaining that absent Congressional intent "to create not just a private right but also a private remedy ... no private right of action exists.").

PREA does not provide Milstid a private right of action. He cannot state a 42 U.S.C. § 1983 claim based on any process or "right" that he contends is required by PREA. In addition, he is not alleging that he himself suffered any injury at all; he merely was a witness to what he believes was some kind of sexual abuse directed at someone else. This is not an actionable constitutional injury as to him. Milstid's Complaint as to PREA fails to state a claim.

Another basis for MIlstid's claims is that various grievances he has filed have gone unanswered, or have been answered in ways he finds inappropriate. (Doc. 2 at 5 – 6.) While Milstid has a constitutional right to file grievances, he has no constitutional right to any particular grievance procedure. *Rhodes v. Robinson*,

408 F.3d 559, 567 (9th Cir. 2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). He has not identified a constitutional harm that was the content of his grievances, and he has not alleged that the lack of a response caused him a constitutional harm. These allegations fail to state cognizable federal claims and should be dismissed.

### B. Specific Defendants

#### 1. BSBDC

Milstid has named Butte-Silver Bow Detention Center as a defendant, which is impermissible under 42 U.S.C. § 1983, which requires a "person" to be acting under color of state law. In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7–32–2120. "The Detention Center is merely a building, it is not a person or legally created entity capable of being sued."[1] *Barnes v. Yellowstone County*

---

[1] Cf. *Allison v. California Adult Authority*, 419 F.2d 822. 823 (9th Cir.1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; *Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271,274 (E.D.Pa.1976); see generally *Tyler v. Sullivan*, 83 F.3d 433 (10th Cir.1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; *Preval v. Reno*, 57 F.Supp.2d 307. 310 (E.D.Va.1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir.2000) Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301

*Detention Facility*, 2008 WL 5412448 (D. Mont. 2008). As such, BSBDC should be dismissed as a party.

      2.  Mark Johnson

Milstid has named Mark Johnson, Commander of BSBDC, as a defendant. (Doc. 2 at 2.) But the only allegation that mentions the actions of Johnson is that he is using his power at BSBDC to cover up what Milstid characterizes as Defendant Tregard's sexual misconduct. (Doc. 2 at 13.)

Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). This can be established in two ways.  First, an individual can be held liable for his or her own personal acts that directly cause an injury. Second, an individual can be held liable in his or her individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)  To impose liability under Section 1983 against a supervisor, a plaintiff must establish the supervisor's prior knowledge of

---

(E.D.N.C.1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].

unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (citing *Starr*, 652 F.3d at 1208).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). A supervisor may be liable:  (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez*, 946 F.2d at 646.

Milstid has failed to state a claim against Johnson, because he has not specified how he was personally involved in any of the acts that Milstid alleges violated his rights. To state a plausible claim against Johnson, Milstid must specific exactly what Johnson did or did not do. Milstid's claims are just that

Johnson "uses his facility at his will," and refuses to answer grievances. (Doc. 2 at 6.) These assertions, without more, do not state a constitutional claim. Further, if he is claiming Johnson had some responsibility due to his role within BSBDC, Milstid must allege facts that show he is liable under one of the theories of supervisory liability outlined above. Milstid has not done so and therefore Johnson should be dismissed.

Accordingly, the Court issues the following:

## ORDER

1.  Milstid's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

Further the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Mildstid's filing of this action counts as one strike against him.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Milsted may file objections to these Findings and Recommendations within fourteen days after service (mailing).[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of October, 2021.

John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Jones is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

11