# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| DUSTIN COLBY MILSTID,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARK JOHNSON, JAMIE TREGARD, and BUTTE SILVER BOW COUNTY DETENTION CENTER,<br><br>　　　　Defendants. | **CV-21-81-BU-BMM-JTJ**<br><br><br>**ORDER** |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this case on October 28, 2021. (Doc. 5). Judge Johnston recommended that this matter should be **DISMISSED**; that the Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; that Plaintiff's filing of this action should count as one strike against him, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii); and that the Clerk of Court should have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. *Id.* at 10-11.

Dustin Colby Milstid ("Milstid") filed an objection to the Findings and Recommendations. (Docs. 5 & 7). The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where

1

a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a re-litigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court reviewed Judge Johnston's Findings and Recommendations and adopts them in full for the reasons discussed below.

## BACKGROUND

Milstid, a pretrial detainee at Butte-Silver Bow Detention Center (BSBDC), filed a pro se complaint on the U.S. District Court form for prisoner civil rights complaints pursuant to 42 U.S.C. § 1983 alleging that Jamie Tregard, a female correctional officer, violated the Prison Rape Elimination Act (PREA) by having another inmate remove his pants in front of her and other inmates, including Milstid. (Doc. 2 at 5). Milstid also alleged that his constitutional rights were violated because the grievances he filed with BSBDC did not produce the results that he desired. *Id.* at 5-6. Milstid named Tregard, BSBDC, and BSBDC Commander Mark Johnson as defendants in this action. *Id.* at 2-3.

## ANALYSIS

Judge Johnston began his analysis by explaining how the Prison Rape Elimination Act includes no private right of action for enforcement. (Doc. 5 at 6). Milstid did not challenge this finding. (Doc. 7). Milstid instead repeated the claim he that made in his Complaint (Doc. 2 at 5) that Tregard had abused her power as a correctional officer by forcing an inmate to remove his pants in the presence of Milstid and other inmates and that this behavior violated the PREA. (Doc. 7 at 1-2). Nowhere in the objection (Doc. 7) did Milstid address the issue of whether he, as a witness to Tregard's alleged behavior, has a private right of action under the PREA. Therefore, the Court reviews this question for clear error. *Rosling*, 2014 WL at *3.

Judge Johnston addressed whether Milstid's constitutional rights had been violated in Defendant's resolution of Milstid's grievances. (Doc. 5 at 6-7). Judge Johnston explained in his findings that a constitutional right to file a grievance with correctional officials exists, but that no constitutional right exists to have a grievance resolved a particular way or in a particular manner. *Id.* Milstid merely restated in his objection his problems with the way Defendants had handled his grievances and made conclusory statements about how his constitutional rights had been violated. (Doc. 7 at 4-6). Therefore, the standard of review for this Court is

clear error. *Rosling*, 2014 WL at *3. This Court determines that Judge Johnston made no clear error in his findings regarding this issue.

Furthermore, Judge Johnston explained how BSBDC could not be a defendant in this action because BSBDC is a building rather than a government entity. (Doc. 5 at 7-8). Milstid noted in his objection that he meant to include the Sherriff's Office that runs BSBDC as a defendant in this case rather than BSBDC itself. (Doc. 7 at 7). Milstid raises no objection to anything about the substance of Judge Johnston's finding that BSDBC is a building and, therefore, cannot be a party to this action.

Judge Johnston concluded that Mark Johnson could not be a defendant in this action. (Doc. 5 at 8-10). Both Judge Johnston's Findings and Recommendations and Milstid's objection cited *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), as the controlling authority governing when a supervising correctional officer can be held liable for constitutional violations carried out by a subordinate. (Docs. 5 at 8 & 7 at 7). A supervisor can be held liable for constitutional violations carried out by a subordinate only if they are either personally involved in the deprivation or there exists a causal connection between wrongful conduct done by the supervisor and the constitutional violation. *Starr* 652 F.3d at 1207.

4

Milstid claimed in his objection that a causal connection existed between Johnson and Tregard's alleged conduct. (Doc. 7 at 7). For there to be a causal connection, the supervisor must have had prior knowledge of unconstitutional conduct committed by subordinates. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (citing *Starr*, 652 F.3d at 1208). Milstid provided no facts in his objection indicating that Johnson knew about Tregard's alleged acts. (Doc. 7). Judge Johnston correctly determined that Johnson cannot be a defendant in this matter.

Additionally, Milstid claimed that he suffered mental anguish as a result of Tregard's alleged conduct in the original complaint (Doc. 2 at 7) and objected to Judge Johnston's finding that Milstid did not allege any sort of harm to himself in the complaint that sufficed as an injury. (Docs. 5 at 6 & 7 at 3). This Court adopts Judge Johnston's finding that Milstid did not allege an injury.

**IT IS THUS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 5) are **ADOPTED IN FULL**.

1. This matter is **DISMISSED** for failure to state a federal claim.
2. The Clerk of Court is directed to close this matter and enter judgement pursuant to Rule 58 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Milstid's filing of this action counts as one strike against him.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 19th day of January, 2022.

_____
Brian Morris, Chief District Judge
United States District Court